**U.S. Department of Labor**  Office of the Solicitor
Washington, D.C. 20210



October 23, 2017

Patricia S. Connor, Clerk
U.S. Court of Appeals
 for the Fourth Circuit
1100 East Main Street
Suite 501
Richmond, VA 23219

Re:  *Westmoreland Coal Co. v. Director, OWCP and Vida Baird*
      No. 17-2085

Dear Ms. Connor:

On October 12, 2017, the Court requested that Westmoreland Coal Company and the Director, Office of Workers' Compensation Programs (OWCP), advise the Court on whether Vida Baird's name should be removed from the caption of this case on account of Mrs. Baird's death. While the case can proceed without Mrs. Baird as a party, the Director believes that Mrs. Baird's name should remain in the caption if, as detailed below, an heir of Mrs. Baird's late husband wishes to participate in order to protect his financial interest in this case.

This case involves a lifetime claim filed under the Black Lung Benefits Act, 30 U.S.C. §§901-44, by Raymond Baird (a former coal miner) and a survivor's claim filed by his widow, Vida Baird. Both Mr. and Mrs. Baird are now deceased. Both of their claims were awarded by a Department of Labor district director, an administrative law judge, and the Benefits Review Board. When Westmoreland declined to pay benefits on either claim, the Black Lung Disability Trust Fund paid those benefits on an interim basis. *See* 20 C.F.R. §725.522. The Trust Fund paid all of the benefits due on Mrs. Baird's survivor's claim before her death, and paid most, but not all, of the benefits due on Mr. Baird's lifetime claim. According to OWCP's internal records, there is an underpayment of $11,185.70 remaining to be paid on Mr. Baird's claim. *See* 20 C.F.R. §725.545. To our knowledge, there are no open estates for either Mr. or Mrs. Baird. But if the award of the lifetime claim is affirmed, an heir of Mr. Baird could be entitled to that money. *See* 20 C.F.R. §725.545(c), (d)

The case is before the Court on Westmoreland's appeal of the Board's award of both the lifetime and survivor's claims. The primary dispute is now between Westmoreland and the Director. If the claim awards are upheld, Westmoreland will have to reimburse the Trust Fund for all benefits paid on both claims. 20 C.F.R. §725.602. As a result, the Court can proceed with adjudication of the appeal even if Mrs. Baird's name is removed from the caption and she is no longer considered a party.

Because of the underpayment, however, the Court may wish to determine whether an heir of Mr. Baird wishes to participate in the appeal in order to protect his financial interest. Mrs. Baird was represented before the ALJ by a benefits counselor from Stone Mountain Health Services, P.O. Drawer S, St. Charles, VA 24282 (tel. 276-383-4428). We contacted Stone Mountain, and they informed us that the Bairds had a son. He would be entitled to receive the underpayment on Mr.

Baird's claim.  *See* 20 C.F.R. §725.545(c)(5).  Stone Mountain indicated that they would attempt to contact him, but (to date) we have heard nothing further from either Stone Mountain or the Bairds' son.  The Court may want to contact Stone Mountain directly.  If the Bairds' son wishes to participate in the appeal to protect his interest, Mrs. Baird's name should remain in the caption.  Otherwise, it can be removed and the case can proceed with only Westmoreland and the Director as parties.

Please let us know if we can provide any further assistance to the Court.

Sincerely,

SEAN G. BAJKOWSKI
Counsel for Appellate Litigation

s/Barry H. Joyner
BARRY H. JOYNER
Attorney
U.S. Department of Labor
(202) 693-5660

cc:     Paul E. Frampton, Esq. (via CM/ECF system)
        Stone Mountain Health Services (via regular mail)